# Case No. 6,590.

## HOLBROOK v. BLACK.

[Brunner, Col. Cas. 588;[1] 18 Law Rep. 89.]

Circuit Court, D. Massachusetts. 1854.

EQUITY PRACTICE—DEFENDANT'S RIGHT TO ANSWER UNDER OATH.

A defendant in chancery has a right to make his answer under oath, although an answer under oath is waived by the bill.

In this case the plaintiff [William Holbrook] filed his bill in the usual form, requiring an answer from the defendant [John Black] under oath. Afterwards, and before the filing of the answer, the plaintiff's counsel moved that the defendant be ordered to make his answer without oath.

R. Choate and R. F. Fuller, for plaintiff.
R. Fletcher and C. E. Pike, for defendant.

SPRAGUE, District Judge. This question is one which must be determined by precedent, and the usual course of chancery proceedings. Some of the text books seem to favor the idea that the motion should be granted; but their statements are carelessly and loosely made; and on examination they are not found to be supported by the authority of decided cases. Codner v. Hersey, 18 Ves. 468, and Curling v. Townshend, 19 Ves. 628, are the most important English authorities bearing upon the case. But they go no further than to show that, under certain circumstances, the defendant may have permission to file his answer without his oath. The cases of the Union Bank of Georgetown

v. Geary, 5 Pet. [30 U. S.] 99, and Patterson v. Gaines, 6 How. [47 U. S.] 588, contain no direct decisions upon the point under consideration. But the case of Pierpont v. Fowle [Case No. 11,152], cited for the defendant, which was heard before Mr. Justice Story in this district, is directly in point. It seems in that case Judge Story decided that it was the defendant's right to make his answer under oath, although the plaintiff's bill waived the oath; and the plaintiff was in that case directed to amend his bill in order to make it conform to the common practice in which the bill requires the defendant to make answer under oath. Moreover, the book of precedents contains no form, so far as I have been able to learn, for such an order as is here asked for; and this is a circumstance of some importance in a matter of practice. I must therefore regard it as a right of the defendant to make oath to his answer; and the motion must be refused.